(10 Misc. Rep. 628.)

## In re WEED'S ESTATE.

(Surrogate's Court, Madison County. December, 1894.)

TRANSFER TAX—ASSIGNMENT OF LEGACY—LIABILITY OF LEGATEE.

　　A testator, who, at the time of his death, was supposed to be worth $20,-000, bequeathed, in addition to other legacies, one of $2,000 to C., and named one D. as his executor. After his death it was discovered that D. had destroyed the will. Further investigation showed that D. had obtained all the money and securities owned by testator, and invested them in his own name in speculative property, which was then practically worthless. C., by threatening D. with prosecution for his criminal act in destroying the will, procured from him the amount of her legacy, which she then assigned to him. The amount of such legacy was paid with the individual property of D., no part of which had ever belonged to testator. Testator's estate only realized about $720. D. never qualified or assumed to act as executor. *Held*, that C. was not liable to transfer tax on the amount of her legacy.

Assessment of the collateral inheritance tax against the estate of Samuel R. Weed, deceased.

M. H. Kiley, for administrators of S. Henry Davis, deceased.

E. N. Wilson, for Carrie W. Johnson.

J. A. Johnson, for comptroller.

KENNEDY, S.　Samuel R. Weed died at the town of Cazenovia, N. Y., on the 20th day of August, 1891, leaving a will in and by which, among other legacies, he gave to Carrie W. Johnson $2,000, and appointed his nephew, S. Henry Davis, one of his executors.　At the date of his will, July 15, 1887, he was supposed to be worth $20,000 or more.　Immediately after his death his legatees learned that said Davis had destroyed the will, and also claimed that the testator left no property.　Investigation showed that said Davis had obtained substantially all the money and securities owned by the testator, and invested them in his own name, or in the name of another in his interest, in speculative schemes or property in other states which were of very little value and practically worthless.　Within a day or two after Mr. Weed's death, Mrs. Johnson demanded of said Davis the amount of her legacy, and, by means of threats of prosecution for his criminal act in destroying the will, procured from him the amount of her legacy, she at the same time assigning it, and all her interest in and to the same to said Davis.　This legacy was paid for with the individual property of said Davis, no part of the consideration having ever belonged to Mr. Weed, nor was any part of it the avails of property which said Davis ever obtained from the testator. Within a few days after the payment of this legacy said Davis died, and administrators were appointed to settle his estate.　Proceedings were thereafter commenced in the surrogate's court to establish and probate said destroyed will, and, after considerable time spent in litigation, the same was duly admitted to probate.　The total assets of the Weed estate, as ascertained by the parties interested and by the appraiser appointed for the purpose of assessing the inheritance tax, amounted to the sum of $719.50, from which is to be deducted $150 for funeral expenses, leaving only the sum of $569.50

to be distributed among the legatees.    The pro rata shares of this sum among the legatees of said will, omitting some expenses of administration, are as follows: · Carrie W. Johnson, niece, $112.76; Susan Davis, sister, $169.14; Edwin R. Davis, nephew, $112.76; S. Henry Davis, nephew, $169.14; Presbyterian Church, $5.63.

Assuming that the amounts of the shares of the niece and nephews are as above stated, they are not liable to any tax, for the reason that all of them amount only to the sum of $394.66.   A tax, however, of 5 per cent. was assessed upon Mrs. Johnson's legacy of $2,000, being the sum paid to her by S. Henry Davis, upon the theory that, having received the amount designated in Mr. Weed's will as her legacy, it was liable to the tax.    Mrs. Johnson claims that she is not liable to pay any tax upon the amount paid her, for the reason that her legacy was not paid with funds that were ever a part of the Weed estate, having been sold and assigned to Davis for the sum of $2,000. The administrator of S. Henry Davis claims that his estate is in no event liable to a tax, because the sum going to his estate as assignee and legatee amounts only to the sum of $281.90, and the total assets of the Weed estate are less than $500, going to nephews and nieces. We think the claim of each appellant is correct, for the reason that the only property liable to the inheritance tax is that of which a person died seised or possessed, and Mr. Weed was never seised of any portion of the $2,000 paid to Mrs. Johnson.    Previous to Mr. Weed's death, S. Henry Davis had obtained possession of nearly all of the testator's property, and squandered it in worthless investments, so that at the time of his death he was only seised or possessed of the sum of $719.50 and a worthless claim against his nephew for the property taken from him.    But it is claimed that because S. Henry Davis was named as executor in the Weed will, and paid Mrs. Johnson $2,000 for her legacy, and took an assignment thereof to himself, either Mrs. Johnson or the estate of said Davis is liable for the tax on the amount paid her.    We do not think the fact that Davis was named as executor in the Weed will is of any importance in determining the question at issue, because at the time of the payment to Mrs. Johnson the will had not been probated, and he, therefore, sustained no official relations to the Weed estate.    As he had not assumed to act and did not propose to qualify as an executor, he had the same right to take an assignment of Mrs. Johnson's legacy as any other individual, and pay therefor any sum that Mrs. Johnson would consent to accept, and when he purchased it with his individual funds he took the assignment burdened with the hazard that upon the settlement of the Weed estate there might not be sufficient funds to pay it in full, or any portion of it, and impressed with any inheritance tax that the law might impose upon Mrs. Johnson's share of the assets.    The assignment could only carry with it whatever interest Mrs. Johnson might ultimately have in the Weed estate; nor could said Davis recover from said estate as assignee any larger sum than her pro rata share of the assets.    It is not the legacy that is taxable, but the property of which a testator dies seised or possessed applicable to the payment of the legacy.    The fact that Davis paid Mrs. Johnson $2,000 for her legacy, then worth

but $112.76, is a matter which does not concern the state. It can derive no benefit from the private contract of legatees. If the inheritance tax can be based upon the amount paid on such contracts, instead of upon property seised or possessed by the deceased at his death, there would be no sure standard for the assessment of the tax. The state having declared what property is assessable, and how the tax thereon is to be collected, its officers can do no more than enforce the law as they find it. Having provided a method for the assessment and collection of the tax, such officers must accept it in the discharge of their duties. The statute, which clearly defines the duty of the executor in the collection of a tax, is in part as follows: .

"Any administrator, executor or trustee having in charge or trust any legacy or property for distribution subject to the said tax shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver, or be compelled to deliver, any specific legacy or property subject to tax to any person until he shall have collected the tax thereon." Laws 1892, c. 399, § 5.

It will be seen that when the executor has collected the tax upon the appraised value of property, except money, his duty is ended. If he pays the legacy, or any portion of it, without first deducting the tax, he becomes personally liable to the state for the amount. He must collect the tax upon personal property from the assets within his hands, and he is not authorized to collect it from any other source. Whether a legacy is of much or little value, or whether it will sell for its face or not, is a matter with which he has nothing to do, and over which he has no control. The tax thereon can neither be increased nor diminished by any act of the legatee. An assignee purchasing a legacy buys it at his peril, and has no remedy against the estate if there should be a loss from his investment. In the present case Mrs. Johnson has received no property from the Weed estate in payment of her legacy, and makes no claim for it. She owes it nothing, and is under no obligation to it, because she has received nothing from it. The estate owes her nothing, and can demand nothing from her. She has parted with her legal right to the legacy bequeathed to her, but in parting with it neither she nor her assignee could deprive the state of its legal right to collect the tax that might become due upon the decedent's property if it were of sufficient amount to be taxable. This right is based upon the existence of assets in the hands of an executor. He must deduct the tax or collect it from the property in his hands. He can maintain no action against the legatee for the recovery of the tax on personal property. He must get it from the assets in his hands, and, having done this, his duty is ended. In this proceeding the total assets of the Weed estate are $719.50, and yet Mrs. Johnson or her assignee is asked to pay a tax on $2,000, being $1,280.50 more than the testator was seised or possessed of at the time of his death. These figures are an unanswerable argument against the claim of the state for the recovery of any tax whatever. An order may therefore be entered vacating and setting aside the former assessment of the tax in this matter. An order may also be entered allowing

each appellant $20 costs and expenses on each appeal, payable from any inheritance taxes in the hands of the county treasurer; but this order is conditioned upon and subject to the approval of the comptroller of the state of New York.    Ordered accordingly.